UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

05-20651

CASE NO. _____ CIV-SEITZ

MAGISTRATE JUDGE
BANDSTRA

In Re: Letter Rogatory from Nepal
For Judicial Assistance In The Criminal
Matter Of Bijaya Kumar Gachhedar
_____/



## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

This memorandum is submitted in support of the application of the United States for an order requiring persons within the jurisdiction of this Court to provide testimony and evidence requested by the Commission for the Investigation of Abuse of Authority ("CIAA"), for use in a criminal proceeding in Kathmandu, Nepal [hereinafter the Requesting State] and appointing a commissioner to collect it.  The application is based upon the attached letter rogatory.

According to the request, the CIAA has commenced a criminal investigation in Nepal relating to the activities of Bijaya Kumar Gachhedar under the Prevention of Corruption Act of 2002.  The Nepalese Government's investigation revealed that Gachhedar has obtained excessive property beyond his known lawful sources while acting as the Minister for Physical Planning and Works and the Minister for Water Resources.  Allegedly, Gachhedar may be having the property registered in the names of different relatives in order to conceal his ownership.  It is believed that a large amount of this property is invested in Miami, Florida, through the incorporation of a company named Crystal Intl. Corp.

The Nepalese Government requests assistance in obtaining real estate information concerning Bijaya Kumar Gachhedar's property in Miami, Florida.



This Court, pursuant to its statutory and inherent authority, may (1) order that persons within this district shall provide the evidence requested for use in a proceeding in a foreign country, (2) appoint a person to gather such evidence, and (3) establish the procedure pursuant to which the evidence requested shall be produced.

1. <u>Authority to grant a foreign request for assistance</u>

Title 28, United States Code, § 1782, provides in pertinent part that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign . . . tribunal or upon the application of any interested person . . . .

Section 1782 was enacted:

> . . . to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . . .

Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), <u>reprinted in</u> 1964 U.S. Code Cong. & Admin. News 3782. By enacting § 1782, Congress reaffirmed the inherent authority of district courts to grant foreign judicial assistance. <u>In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago</u>, 648 F. Supp. 464 (S.D. Fla. 1986), <u>aff'd</u>, 848 F.2d 1151, 1154 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1005 (1989). More significantly, its enactment reflected Congress' desire to increase the power of district courts to respond to foreign requests for judicial assistance. See, e.g., <u>In re Letters Rogatory from the Tokyo District, Tokyo, Japan</u>, 539 F.2d 1216, 1218-1219 (9th Cir. 1976). In sum, § 1782 is a Congressional invitation to district courts to affirmatively act to execute foreign requests for judicial assistance.

a. <u>Source of the foreign request</u>

Foreign requests for judicial assistance may be made by a foreign court or tribunal, including an investigating magistrate or juge d'instruction. <u>In re Letter of Request from the Government of France</u>, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991); <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 405-406 (S.D. Fla. 1987). Foreign requests may also be made by "any interested person," such as a foreign legal affairs minister or public prosecutor. <u>In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan</u>, 16 F.3d 1016, 1019 (9th Cir. 1994); <u>In re Letter of Request from the Crown Prosecution Service of the United Kingdom</u>, 870 F.2d 686, 690 (D.C. Cir. 1989); <u>Trinidad and Tobago</u>, 648 F. Supp. at 466.

b. <u>Purpose of the foreign request</u>

Foreign requests for judicial assistance must be for the purpose of securing evidence "for use in a proceeding in a foreign . . . tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782. Congress added the language "including criminal investigations conducted before formal accusation" in 1996 to ensure that district courts were empowered to provide assistance at any stage of the investigation, irrespective of the proximity to formal charges. See <u>United States v. Sealed 1, Letter of Request for Legal Assistance from the Deputy Prosecutor General of the Russian Federation</u>, 235 F.3d 1200, 1204-1205 (9th Cir. 2000).

c. <u>Discoverability in the requesting state of the assistance requested</u>

District courts need not determine whether foreign requests for assistance seek materials that are discoverable under the laws of the requesting nations. As the Supreme Court stated in <u>Intel Corporation v. Advanced Micro Devices, Inc.</u>, 124 S.Ct. 2466, 2480 (2004):

> Beyond shielding material safeguarded by an applicable privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discoverable in the foreign jurisdiction if the materials were located there. "If Congress had intended to impose such a sweeping restriction on the district court's discretion, at a time when it was enacting liberalizing amendments to the statute, it would have included statutory language to that effect." [Citations omitted.]

In evaluating requests from foreign courts, U.S. courts can rely on each foreign court to be "the arbiter of what is discoverable under its procedural rules." In re Letter Rogatory from the First Court of First Instance in Civil Matters, Caracas, Venezuela, 42 F.3d 308, 310-311 (5th Cir. 1995). In evaluating requests from sources other than foreign courts, concerns regarding the discoverability of requested material under foreign law are "simply one factor that a district judge may consider" in determining whether to provide assistance. Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1098 (2d Cir. 1995).

See also, in Intel, 124 S.Ct. at 2482:

> We also reject Intel's suggestion that a § 1782 applicant must show that United States law would allow discovery in domestic litigation analogous to the foreign proceeding. [Citation to Intel brief and text omitted.] Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist here.

    d. <u>Admissibility in the requesting state of the assistance requested</u>

A district court generally should not decide whether the requested evidence will be admissible in the foreign court. Trinidad and Tobago, 848 F.2d at 1156; In re Request for Judicial Assistance from the Seoul District Criminal Court, Seoul, Korea, 555 F.2d 720, 723 (9th Cir. 1977); In re Letters of Request from the Supreme Court of Hong Kong, 821 F.Supp. 204, 211 (S.D.N.Y. 1993); France, 139 F.R.D. at 592 ("Absent a showing that a requesting country is manipulating

4

section 1782 in a manner offensive to concepts of fundamental due process and fairness, United States Courts are not to embark upon the task of deciding the propriety of the ultimate uses of evidence gathered under the Section."). Nonetheless, the district court should be alert that the procedures it establishes for collecting the evidence requested are consistent with its use in a judicial proceeding in the requesting state. See United Kingdom, 870 F.2d at 692-693.

2. <u>Authority to appoint a commissioner</u>

Section 1782 further provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given, or the document or other thing be produced, before a person appointed by the court.

A district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the district court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. See, e.g., Intel, 124 S.Ct. 2466. With requests for assistance in criminal matters, a district court typically appoints an Assistant United States Attorney as commissioner.

Application to a district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled <u>ex parte</u>. United Kingdom, 870 F.2d at 688; Japan I, 539 F.2d at 1219.

3. <u>Authority to establish the evidence-collecting procedure</u>

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

5

A district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A district court has "complete discretion in prescribing the procedure to be followed." United Kingdom, 870 F.2d at 693, citing 1964 U.S.C.C.A.N. at 3789. When a district court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. Japan II, 16 F.3d at 1019; Hong Kong II, 138 F.R.D. at 31. However, as Section 1782 makes clear, when a district court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. 28 U.S.C. § 1782(a).

    a.    Commissioner's subpoena

If a district court so orders, a commissioner may use the attached form, entitled commissioner's subpoena, to obtain the requested evidence. See In re: Commissioner's Subpoenas, 325 F.3d 1287, 1291 (2d Cir. 1993) (incorporating in pertinent part the district court's order directing use of commissioner's subpoenas); United States v. Erato, 2 F.3d 11, 13-14 (2d Cir. 1993) (same). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the district court for the production of evidence in accordance with Section 1782. See 28 U.S.C. 1651; White v. National Football League, et. al, 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995)(a court may issue whatever process it deems necessary to facilitate disposition of the matter before it); Rule 57(b), Fed.R.Crim.P. Upon authorization by a district court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request, including subpoenas compelling the production of evidence located outside the district by a person or entity present in the district.

      b.     <u>Notice of evidence taking</u>

If a district court so orders, a commissioner may collect the evidence in accordance with procedures -- including those involving notice -- requested by the requesting court or authority. In the absence of a specific request to provide notice, a district court can assume that the requesting court or authority has provided such notice as the foreign law requires, or that the foreign law does not require notice and the requesting court or authority does not consider notice to be necessary or useful. In sum, if the requesting state has not requested notice, no notice need be provided. Accordingly, to the extent that a request does not ask for specific notice procedures, a district court should authorize a commissioner to take the evidence without notice to any party other than the recipient of the commissioner's subpoena.

      c.     <u>Right to Financial Privacy Act</u>

The Right to Financial Privacy Act, 12 U.S.C. 3401 et seq., does not apply to the execution of foreign legal assistance requests. <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633, 639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>Haiti</u>, 669 F. Supp. at 407; <u>Hong Kong I</u>, 821 F. Supp. at 211 (S.D.N.Y. 1993). Consequently, to the extent that execution of a request entails the production of bank or financial records, the notice provisions of the Act do not apply. [Note that the Act itself applies only to accounts maintained in a person's name and not to corporate, perhaps even partnership, accounts. <u>United States v. Daccarett</u>, 6 F.3d 37, 50-52 (2d Cir. 1993).]

    4.     <u>The Present Request</u>

Congress intended that the United States set an example to other nations by making judicial assistance generously available. <u>See</u>, e.g., <u>Trinidad and Tobago</u>, 848 F.2d at 1153-54. Based upon the facts set forth therein, this Request is of the type that Congress contemplated when it enacted

Section 1782 and expanded the authority of federal courts to assist foreign tribunals. Accordingly, the government asks this Court, in the interests of comity, to issue the attached order under Section 1782 granting assistance for a proceeding in the Requesting State, appointing the undersigned Assistant United States Attorney Karen E. Rochlin as commissioner, and authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, to collect the evidence requested and to adopt such procedures in the receipt of the evidence as are consistent with the intended use thereof in the Requesting State.

        Respectfully submitted,

        MARCOS DANIEL JIMENEZ
        UNITED STATES ATTORNEY

By: _____
        KAREN E. ROCHLIN
        ASSISTANT UNITED STATES ATTORNEY
        Court No. A5500050
        99 NE 4th Street
        Miami, Fl 33132
        Tel. (305) 961-9234
        Fax (305) 536-7213
        E-Mail: Karen.Rochlin@usdoj.gov

## COMMISSIONER'S SUBPOENA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TO: _____
    _____
    _____

I, Commissioner Karen E. Rochlin, an Assistant United States Attorney for the Southern District of Florida, acting pursuant to an Order of the District Court and under the authority of Title 28, United States Code, Section 1782, for the purpose of rendering assistance to Nepal, command that you appear before me in Room 800, in the James Lawrence King Federal Building located at 99 NE 4th Street, Miami, Florida, on _____, 2005, at _____ a.m./p.m., to provide testimony/documents regarding an alleged violation of the laws of Nepal, namely, public corruption, among other alleged violations, and that at the time and place aforesaid you provide the following:

For failure to attend and provide testimony/said documents, you may be deemed guilty of contempt and liable to penalties under the law.

Dated:

COMMISSIONER KAREN E. ROCHLIN
Assistant United States Attorney for the
Southern District of Florida
Telephone (305) 961-9234



☎ 4262378, 4262463
4262842, 4262515
Fax: 977-1-4262930
Email: akhtiyar@ntc.net.np

# COMMISSION FOR THE INVESTIGATION OF ABUSE OF AUTHORITY
Babarmahal, Kathmandu, NEPAL

Ref. No. 777

January 21, 2005

To: Mr. David Ford
FBI Legal Attaché, US Embassy, New Delhi, India.

Through: Mr. James W. Gayhart
Attaché - Security and Law Enforcement Affairs
Regional Security Officer, US Embassy, Kathmandu, Nepal

From: Rishiram Dawadi, Joint Attorney
CIAA, Babarmahal, Kathmandu, Nepal.

Subject: Requesting Assistance for Gachhedar's Investigation.

Dear Mr. Ford:
The Commission for the Investigation of Abuse of Authority (CIAA) presents its compliments to the Federal Bureau of Investigation (FBI) through the Regional Security Office at the Embassy of the United States of America in Kathmandu, and looks forward for assistance in the investigation of the under-mentioned individuals.

**Facts of the case-**

It has been reported by the Judicial Probe Commission on Property that Mr. Bijaya Kumar Gachhedar, a former Minister of Nepal, has amassed excessive property which is beyond his known lawful sources. In addition to this, there are so many complaints lodged against him at this Commission that he is having his property registered in names of his different relatives in order to conceal them. He is said to have amassed unlawful property while acting as the Minister for Physical Planning and Works and the Minister for Water Resources. Thus, an investigation is underway with regard to Mr. Bijaya Kumar Gachhedar in which he is alleged to have amassed unlawful property and a substantial portion of his property is said to have been invested in Miami, Florida by incorporating a company named Crystal Intl. Corp.

It is reported to us that the company has been incorporated in the names of Mr. Sudhkaran Gachhedar and Shivaratan Gachhedar, the close relatives of the former Minister. The company has been incorporated with the Secretary of State, Tallahassee, Florida on July 2,



**COMMISSION FOR THE INVESTIGATION OF ABUSE OF AUTHORITY**
Babarmahal, Kathmandu, NEPAL

☎ 4262378, 4262463
4262842, 4262515
Fax: 977-1-4262930
Email: akhilyar@ntc.net.np

Ref. No.

-2-

2001. The principal place of business and mailing address of the company has been stated as follows:

| **Principal Place of Business** | **Mailing Address** |
|---|---|
| 7855 NW 12th st. | 1333 S. Miami Ave. |
| Ste. 203 | Ste. 303 |
| Miami, FL 33126 | Miami, FL 33130 |

I would like to request you that the CIAA is investigating the case of Mr. Gachhedar under section 20 of the Prevention of Corruption Act, 2002, which reads as:

"**Property Deemed to be Acquired Illegally:** (1) In case the statement of property submitted in accordance with prevailing laws by a public servant deemed to have held a public office in accordance with prevailing laws seems to be incompatible or unnatural or in case he maintains an incompatible or unsuitable lifestyle or it is certified that he has given someone a donation, gift, grant, present or has lent money beyond his capacity in a lavish manner, he shall prove the sources from which he has acquired such property and if he fails to do so, such property shall be deemed to have been acquired in an illegal manner. (2) In case it has been proved that a public servant has acquired property in an illegal manner as referred to in sub-section (1), he shall be liable to a punishment of imprisonment for a term not exceeding two years as per the amount of the property acquired in such a manner, and a fine according to the amount of property and the illegal property acquired in such a manner shall also be confiscated."

I would like to inform you that the CIAA has filed so many cases against corrupt politicians and bureaucrats, including three former ministers, pursuant to the above-cited provision.

In this connection, we are seeking the following information with regard to Mr. Gachhedar:

(a) How much amount has been invested as share capital in the said company?
(b) Who are the share holders and beneficiaries of the company?
(c) How was money paid-cash/check/draft?
(d) How much was the fee for getting the company incorporated?
(e) Are Mr.Bijaya Kumar Gachhedar and/or his close relative(s) mentioned hereunder having any immovable property (land, building) or stock capital in Florida?

☎: 4262378, 4262463
4262842, 4262515
Fax: 977-1-4262930
Email: akhtiyar@ntc.net.np

# COMMISSION FOR THE INVESTIGATION OF ABUSE OF AUTHORITY
Babarmahal, Kathmandu, NEPAL

Ref. No.

-3-

| | |
|---|---|
| Wife- | Nirmala Gachhedar, Sunsari, Bhalwa-8. |
| Son- | Suman Gachhedar, Lalitpur-15 (Currently in USA) |
| Daughter-in law- | Mrs. Junu Gachhedar, Lalitpur-15 (Currently in USA) |
| Son- | Subash Gachhedar, (Currently in USA) |
| Father-in-law- | Bhakta Charan Shrestha, Biratnagar-7, Morang |
| Younger Brother-in-law- | Kehav Charan Shrestha, Kathmandu-34 |
| Younger Brother-in-law- | Ratna Prasad Shrestha, Kathmandu-34 |
| Younger Brother-in-law- | Khagendra Raj Shrestha, Kathmandu-34 |
| Private Secretary- | Shivaratan Gachhedar |
| Private Secretary- | Sudhakaran Gachhedar |
| Personal Assistant- | Mahesh Basnet, Dhankuta |

The assistance and support of FBI is gratefully acknowledged, and it would be highly appreciated if the required information were provided to us at the earliest so that the investigation of the case may be completed within the required time frame. Please contact me, if I may be of any further assistance in this matter at Tel: 0091-1-4226230, Fax. 0091-1-4262930, and/or email akhtiyar@ntc.net.np

Thanking you.

(Rishiram Dawadi)

Joint Attorney/Investigation Officer



## Florida Profit

### CRYSTAL INTL. CORP.

PRINCIPAL ADDRESS
7855 NW 12 ST, STE 203
MIAMI FL 33126

MAILING ADDRESS
1335 S MIAMI AVE, STE 303
MIAMI FL 33130

| Document Number | FEI Number | Date Filed |
|---|---|---|
| P02000072217 | NONE | 07/01/2002 |
| **State** | **Status** | **Effective Date** |
| FL | ACTIVE | NONE |

### Registered Agent

| Name & Address |
|---|
| CAUTUS ACCOUNTING SERVICE, LLC<br>1333 S MIAMI AVE, STE 303<br>MIAMI FL 33130 |

### Officer/Director Detail

| Name & Address | Title |
|---|---|
| GACHHADAR, SUDHAKARAN<br>PULCHOWK-24 KATHMANDU<br>NEPAL OC | P |
| GACHHADAR, SHIVARATHAN<br>PULCHOWK-24 KATHMANDU<br>NEPAL OC | S |

### Annual Reports

| Report Year | Filed Date | Intangible Tax |
|---|---|---|

http://www.sunbiz.org/scripts/cordet.exe?a1=DETFIL&n1=P02000072217&n2=RANFWD... 12/27/02



Public Inquiry

## Florida Profit

### CRYSTAL INTL. CORP.

**PRINCIPAL ADDRESS**
7855 NW 12 ST, STE 203
MIAMI FL 33126

**MAILING ADDRESS**
1333 S MIAMI AVE, STE 303
MIAMI FL 33130

| Document Number | FEI Number | Date Filed |
|---|---|---|
| P02000072217 | NONE | 07/01/2002 |

| State | Status | Effective Date |
|---|---|---|
| FL | ACTIVE | NONE |

### Registered Agent

| Name & Address | |
|---|---|
| CAUTUS ACCOUNTING SERVICE, LLC<br>1333 S MIAMI AVE, STE 303<br>MIAMI FL 33130 | ✓ |

### Officer/Director Detail

| Name & Address | Title |
|---|---|
| GACHHADAR, SUDHAKARAN<br>PULCHOWK-24 KATHMANDU<br>NEPAL OC | P |
| GACHHADAR, SHIVARAJHAN<br>PULCHOWK-24 KATHMANDU<br>NEPAL OC | S |

### Annual Reports

| Report Year | Filed Date | Intangible Tax |
|---|---|---|

http://www.sunbiz.org/scripts/cordet.exe?a1=DETFIL&n1=P02000072217&n2=RANFWD... 12/27/02

| Previous Filing | Return to List | Next Filing |

No Events
No Name History Information

## Document Images
Listed below are the images available for this filing.

| 07.01.2002 - Domestic Profit |

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**




### ARTICLE VII   INCORPORATOR

The name and Florida street address of the incorporator is:
Capt. Prashanth Basavaraj
7355 NW 12th St
Miami, FL. 33126, US

FILED

02 JUL -1 AH 9:33

SECRETARY OF STATE
TALLAHASSEE FLORIDA

Having been named as registered agent to accept service of process for the above stated corporation at the place designated in the certificate, I am familiar with and accept the appointment as registered agent and agree to act in this capacity.

_____          6/28/02
Signature/Registered Agent          Date

_____          6/28/02
Signature/Incorporator              Date

FILED

02 JUL -1 AH 9:

SECRETARY OF ST.
TALLAHASSEE FLOR

## ARTICLES OF INCORPORATION
In compliance with Chapter 607 and/or Chapter 621.F.S. (Profit)

### ARTICLE I NAME
The name of the corporation shall be:
Crystal Int'l, Corp.

### ARTICLE II PRINCIPAL OFFICE
The Principal place of business is:
7855 NW 12th St.
Ste. 203
Miami, FL 33126

The mailing address is:
1333 S. Miami Ave.
Suite 303
Miami, FL 33130

### ARTICLE III PURPOSE
The purpose for which the corporation is organized is:
ANY AND ALL LAWFUL BUSINESS.

### ARTICLE IV SHARES
The number of shares of stock is:
1,000

### ARTICLE V INITIAL OFFICERS/DIRECTORS
The name(s) and address(es) and titles:
Title: President
Mr. Sudhakaran Gachhadar
Pukhowk - 24 Kathmandu
Nepal

Title: Secretary
Mr. Shivarathan Gachhadar
Pulchowk - 24 Kathmandu
Nepal

### ARTICLES VI REGISTERED AGENT
The name and Florida Street address of the registered agent is:
Cautus Accounting Service, LLC
1333 S. Miami Ave.
Suite 303
Miami, FL 33130

P020000 72217

TRANSMITTAL LETTER

FILED
02 JUL -1 AM 9:3
SECRETARY OF STATE
TALLAHASSEE FLORIDA

⇒ Department of State
Division of Corporation
P.O. Box 6327
Tallahassee, FL 32314

500005122055---3
-01/01/02--01/01--018
******87.50 ******87.50

Subject: Crystal Intl. Corp.

Enclosed are an original and one (1) copy of the articles of incorporation and a check for $87.50 for the Filing Fee, a certified Copy & a Certificate of Status

From David G. Cornell, Esq.
   1333 S. Miami Ave. Suite 303
   Miami, FL 33130

Tel: 305.372.7989 x. 21

3

B. WHITE   JUL - 2 2002